IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SoClean, Inc., | Case No.: 23-cv-02701 |
| Plaintiff, | |
| v. | Judge: Hon. Martha M. Pacold |
| Does 1-292, As Identified in Exhibit 2, | Magistrate: Hon. M. David Weisman |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO CHOICEONE'S MOTION TO RECOVER BOND**

Plaintiff, SoClean, Inc., ("SoClean") hereby submits this response to Defendant Choice One Medical dba CPAP Life's ("ChoiceOne") motion to recover the bond posted by SoClean in the instant action. For the reasons set forth below, SoClean respectfully requests that the Court deny ChoiceOne's motion.

**I.     ChoiceOne is Not a Prevailing Party**

ChoiceOne argues that it is entitled to recover damages as it is a "prevailing party." In the Seventh Circuit, "a **prevailing** defendant is entitled to damages on the injunction bond unless there is a good reason for not requiring the plaintiff to pay in the particular case." *Coyne-Delany Co., Inc. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 391 (7th Cir. 1983) (emphasis added).

However, ChoiceOne does not qualify as a "prevailing party" under patent law. The Federal Circuit has held that a defendant who was voluntarily dismissed from a claim of patent infringement does not qualify as a "prevailing party." *See O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990 (Fed. Cir. 2020). The proper analysis of determining whether party is a "prevailing party" is whether there is a "material alteration of the legal relationship of the

parties." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 US 419, 422 (2016) (citations omitted). Indeed, to qualify as a "prevailing party" the material alteration between the parties "must be marked by judicial imprimatur." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 992 (Fed. Cir. 2020) (*citing CRST Van Expedited, Inc.*, *supra*). The Federal Circuit held in *O.F. Mossberg* that there was no final court decision where a defendant was voluntarily dismissed and therefore the defendant was not a prevailing party under the law. *Id*. at 993.

The facts of the instant case are nearly identical to the facts of *O.F. Mossberg*. SoClean asserted a claim of patent infringement against Defendant ChoiceOne. SoClean voluntarily dismissed Defendant ChoiceOne from this case on Friday May 26, 2023 when it filed its Amended Schedule A. At no time has there been a "material alteration of the legal relationship of the parties." *See CRST Van Expedited, Inc.*, *supra*. There has been no finding by the Court in this case that ChoiceOne did not infringe SoClean's '121 Patent that would lead to a designation that ChoiceOne is a prevailing party under the law.

Because ChoiceOne was dismissed from this case before any court holding or ruling affecting the legal relationship of the parties, ChoiceOne is not a "prevailing party." Thus, ChoiceOne is not entitled to any damages on the bond.

### II. Alternatively, ChoiceOne's Damages are too Speculative

Assuming that ChoiceOne is a prevailing party, ChoiceOne's "damages" sustained are too speculative. When seeking recovery on a bond, the defendant has the burden of proving the amount of his damages. *See Mead Johnson & Co. v. Abbott Labs*., 201 F.3d 883, 888 (7th Cir. 2000). "Although proof of damages on an injunction bond need not . . . be to a mathematical certainty, a damages award cannot be speculative." *Latuszewski v. VALIC Fin. Advisors, Inc.*, 393 Fed. Appx. 962, 966-67 (3d Cir. 2010) (internal quotation marks and citations omitted).

ChoiceOne argues that it sustained lost sales of $125.81 per day. However, it is unclear if these "lost sales" are solely for the Amazon listing at issue in this case or for all of ChoiceOne's Amazon listings. See Declaration of Kevin Keener; Exhibit 1 and Exhibit 2. Furthermore, the "lost sales" does not account for expenses that would have been incurred by ChoiceOne in those sales. ChoiceOne would have had expenses deducted from these sales, such as Amazon fees and manufacturing costs. ChoiceOne's damages are not $125.81 per day, but profits that ChoiceOne would have made on those sales.

During the TRO period, ChoiceOne was able to sell other products on Amazon. See Declaration of Kevin Keener; Exhibit 1 and Exhibit 2. After ChoiceOne was dismissed from this lawsuit, counsel for SoClean immediately notified Amazon of the dismissal and sought to have ChoiceOne released from the TRO. See Declaration of Kevin Keener; Exhibit 3. Amazon confirmed that ChoiceOne was released from the TRO on May 30, 2023. See Declaration of Kevin Keener; Exhibit 3. Even assuming that ChoiceOne was damaged in the amount it claims, three weeks of lost sales equates to no more than $2,642.01 in lost sales. This is far below the $10,000 sought by ChoiceOne.

Additionally, ChoiceOne's loss in "ranking" and need to spend on advertising are too speculative to be included in any award. There is no evidence of what the monetary value of a ranking on Amazon has, if any. Given the safe presumption that millions sell on Amazon, it is likely very small if it could be determined.

For these reasons, even if ChoiceOne is entitled to recovery on the bond, its damages are too speculative to be recovered.

### III. Conclusion

For the reasons set forth herein, SoClean respectfully requests that ChoiceOne's motion

for recovery on the bond be denied in its entirety.

Dated:  June 15, 2023    Respectfully submitted,

By:   /s/ Kevin Keener

Kevin J. Keener
ARDC #6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 523-2164
kevin.keener@keenerlegal.com