**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| SoClean, Inc. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Does 1-292, As Identified in Exhibit 2, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No.:  23-cv-02701

Judge: Hon. Martha M. Pacold

Magistrate: Hon. M. David Weisman

## <u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT</u>

Plaintiff SoClean, Inc. ("Plaintiff") submits this memorandum in support of its Motion for Entry of Default and Default Judgment under of its Motion for Entry of Default and Default Judgment under FED. R. CIV. P. 55 against the non-appearing Defendant Does, as identified in Exhibit 1 to this Memorandum (collectively, the "Defaulting Defendants"), based on this action for infringement of Plaintiff's U.S. Patent No. 10,953,121 ("the '121 Patent").

### STATEMENT OF FACTS

Plaintiff is the lawful owner of the '121 Patent for "Devices, Systems and Methods for Ozone Sanitization of Continuous Positive Airway Pressure Devices." First Amended Complaint at ¶ 17 [Dkt. No. 22].

The Defaulting Defendants are individuals and unincorporated business associations who reside in foreign jurisdictions and operate e-commerce stores *Id*. at ¶ 2. Each of the Defaulting Defendants utilize their e-commerce stores to target consumers in the United States and the State of Illinois, including the Northern District of Illinois. *Id*. at ¶ 3. Each of the Defaulting Defendants has infringed at least Claim 7 of the '121 Patent literally or through the doctrine of equivalents. *Id*. at ¶¶ 12, 42.

1

Plaintiff filed this action on May 1, 2023 [Dkt. No. 22]. This Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order on May 2, 2023 [Dkt. No. 222]. The Court extended the Temporary Restraining Order on May 9, 2023 [Dkt. No. 225] and granted a Preliminary Injunction on May 30, 2023 [Dkt. No. 21]. Plaintiff served the Defendants in this case on May 22, 2023 [Dkt. No. 227]. None of the Defaulting Defendants have filed an answer or otherwise pled in this action. *See* Declaration of Kevin Keener at ¶ 2. The Defaulting Defendants have chosen not to participate in this case and have failed to disclose revenues generated from the sales of infringing products or costs attributable to the sale of infringing products. *See* Declaration of Kevin Keener at ¶ 4. The limited information that was provided by the third-party platforms (Amazon, DHGate, eBay, and ContextLogic dba Wish.com) regarding the Defaulting Defendants indicates that the amount of infringing sales or amounts restrained in the Defaulting Defendants' known financial accounts range from $0-$1,007,019.10. Declaration of Kevin Keener at ¶ 5. Plaintiff requests this Court for an Order entering default and default judgment against the Defaulting Defendants, entering a permanent injunction against the Defaulting Defendants, and an order that all assets in Defaulting Defendants' financial accounts be transferred to Plaintiff.

## ARGUMENT

### I.    Jurisdiction and Venue are Proper in this Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. within District. See First Amended Complaint at ¶ 15 [Dkt. No. 22]; *uBID,Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary

2

hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive commercial internet stores, each of the Defaulting Defendants have directly targeted consumers within the State of Illinois, specifically by reaching out to do business with the Illinois residents. See First Amended Complaint at ¶ 3 [Dkt. No. 22]; See *True Religion Apparel, Inc., et al. v. Does 1-100*, No. 1:12-cv-9894 (N.D. Ill. Feb. 6, 2013) (unpublished) (Docket Nos. 42 and 43); *Deckers Outdoor Corp. v. Does 1-55*, No. 1:11-cv-00010 (N.D. Ill. Oct. 14, 2011) (unpublished) (Docket Nos. 68 and 69).

## II.     Plaintiff Has Met the Requirements for Entry of Default

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). On July 1, 2022, Plaintiff filed its Complaint alleging patent infringement for infringement of the '121 Patent pursuant to 35 U.S.C. § 271 [Dkt. No. 22]. The Defaulting Defendants were properly served with the Complaint on May 22, 2023 [Dkt. No. 17]. Despite having been served with process, these particular Defendants have ignored these proceedings and failed to plead or otherwise defend this action. Declaration of Kevin Keener at ¶2. Upon information and belief, these Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3.

Accordingly, Plaintiff asks for entry of default against all remaining Defendants.

## III.     Plaintiff Has Met the Requirements for Entry of Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment.  A default judgment establishes, as a matter of law, that defendants are liable to plaintiff

on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff's completed service of process on all Defendants on or before May 22, 2023. More than 21 days have passed since the Defendants were served, and no answer or other responsive pleading has been filed. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment against those Defendants that have not settled and been dismissed ("Defaulting Defendants") is appropriate. Plaintiff, in Exhibit 1 to this Memoranda, specifies Defaulting Defendants for the Court. Pursuant to 35 U.S.C. § 289, Plaintiff requests an award of Defaulting Defendants' profits resulting from Defaulting Defendants' unauthorized use and infringement of the '121 Patent. Plaintiff also seeks an entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing products infringing the '121 Patent and an order that all assets in Defaulting Defendants' financial accounts, including those operated by third-party platforms Amazon, DHGate, eBay, PayPal, Payoneer, and/or ContextLogic dba Wish.com, be transferred to Plaintiff.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). "To prove infringement, the patentee must show that an accused product embodies all limitations of the claim [that the patentee alleges the defendant infringed] either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013); *see also Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375, 1382 (Fed. Cir.

2016) ("The infringement inquiry asks if an accused device contains every claim limitation or its equivalent."). "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1319 (Fed. Cir. 2015) (*quoting Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)). To show infringement under the doctrine of equivalents, the patentee must show that the accused product "contains an equivalent for each limitation not literally satisfied." *Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 463 (Fed. Cir. 2016). "An element in the accused product is equivalent to a claimed element if the differences between the two elements are 'insubstantial' to one of ordinary skill in the art." *Id*.

Plaintiff alleges in its First Amended Complaint that it is the lawful owner of all right, title, and interest in and to the '121 Patent. First Amended Complaint at ¶ 17 [Dkt. No. 22]. Plaintiff has also alleged that Defaulting Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use infringing products that infringe directly and/or indirectly the '121 Patent. *Id*. at ¶¶ 9-10. Plaintiff has alleged that the Defaulting Defendants sold infringing products that infringe Claim 7 of the '121 Patent literally or under the doctrine of equivalents. *Id*. at ¶¶ 12, 42. Furthermore, the Declaration of William Gregory [Dkt. No. 9-2] and Exhibit 2 to the Declaration of William Gregory [Dkt. No. 9-4] establishes that the accused products sold by the Defaulting Defendants infringe Claim 7 of the '121 Patent literally or under the doctrine of equivalents.

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in the First Amended Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp.2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to its claim for patent infringement against the Defaulting Defendants.

**IV.    Pursuant to 35 U.S.C. § 284, Plaintiff is Entitled to Defendant's Profits**

Pursuant to 35 U.S.C. § 284, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." Furthermore, "[i]n either event the court may increase the damages up to three times the amount found or assessed." *Id*.

It is the Court's task to fix the amount of damages following the entry of a default judgment. 35 U.S.C. § 284; *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (noting that after entry of a default judgment, a plaintiff's well-pleaded factual allegations are taken as true except as to damages). "[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty." *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

**A.  Plaintiff requests an award of Defaulting Defendants' reported sales as damages**

The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Nordock, Inc. v. Systems, Inc*., 2017 U.S. Dist. LEXIS 192413, at * 7 (E.D. Wisc. 2017). The defendant has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. *Id*. "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Where defendants have failed to produce documents and evidence with regard to revenue, courts have entered a profits award for the entire revenue amount. *See WMS Gaming, Inc. v. WPC Prods.Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("[t]he burden was therefore on

PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks.").

Since Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court should award the amount of sales for each Defaulting Defendant as damages in this case. *See Oakley, Inc. v. The Partnerships, et al.*, No.20-cv-02970 (N.D. Ill. Oct. 26, 2020) (unpublished) (Docket No. 61) ("Although the information about defendants' profits and revenues is sparse and there is the possibility that the restrained funds were generated by non-infringing sales, the court concludes that plaintiff's efforts provide the best available measure of profits.").

Plaintiff has identified the amount of sales for each of the Defaulting Defendants. See Exhibit 1 to Declaration of Kevin Keener. The Defaulting Defendants have failed to produce evidence or information with regard to the revenue generated by sales of the infringing products or costs. See Declaration of Kevin Keener at ¶ 4. For this reason, Plaintiff respectfully requests an award of the reported sales or restrained funds from the Defaulting Defendants as set forth in Exhibit 1 to the Declaration of Kevin Keener.

### B. Plaintiff requests a reasonably royalty as a minimum amount of damages

At a minimum, Plaintiff requests this Court to grant Plaintiff a minimum amount of damages per Defaulting Defendant as a reasonable royalty. 35 U.S.C. § 284. *See also*, *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 26 (Fed. Cir. 2012).

"A reasonable royalty may be calculated using one of two baselines," namely, "an established royalty" or "upon the supposed result of hypothetical negotiations between the plaintiff and defendant." *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1267 (Fed. Cir. 2013) (citation and quotation marks omitted). The hypothetical negotiation "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated

an agreement just before infringement began." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1326-27 (Fed. Cir. 2009).

The Federal Circuit "has sanctioned the use of the *Georgia–Pacific* factors to frame the reasonable royalty inquiry." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011) (citing *Georgia-Pacific Corp. v. U.S. Plywood Corp.* 318 F. Supp. 1116 (S.D.N.Y. 1970)). "The first step in a reasonable royalty calculation is to ascertain the date on which the hypothetical negotiation in advance of infringement would have occurred." *Integra Lifesciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 870 (Fed. Cir. 2003), *vacated on other grounds*, 545 U.S. 193 (2005). "In general, the date of the hypothetical negotiation is the date that the infringement began." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012) (*citing Georgia-Pacific*, 318 F. Supp. at 1123); *see also Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1363-64 (Fed. Cir. 2006) ("the hypothetical negotiation relates to the date of first infringement.").

In the current case, research indicates that a minimum reasonable royalty for similar products would be $250,000.00. See Declaration of Kevin Keener at ¶ 8. The evidence before the Court is that an exclusive license for a similar patent was granted for payment of $500,000.00 plus Twenty Percent (20%) of Gross Revenue. See Exhibit 2 to Declaration of Kevin Keener. A nonexclusive license for such a patent would equate to at least half of this amount- or $250,000.00. See Declaration of Kevin Keener at ¶ 8. For this reason, Plaintiff respectfully requests this Court to grant Plaintiff a minimum reasonable royalty of $250,000.00 per Defaulting Defendant.

## C. Plaintiff requests that the Court find willful infringement and award enhanced damages

A court may increase damages for patent infringement up to three times the amount

8

found or assessed. 35 U.S.C. § 284. "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). Behavior deserving of enhanced damages is "egregious," or "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1932. To prevail on a motion seeking enhanced damages, a patent-owner must show enhancement is warranted by a preponderance of the evidence. *Id.* at 1934.

Though not a required part of the analysis, the nine so called *Read* factors provide useful guideposts for the Court's consideration. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017) (*citing Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed Cir. 1992)). Those factors are: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the misconduct; (7) the remedial action by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *See*, *Read Corp.*, 970 F.2d at 827. The Court need not find that every *Read* factor favors enhancement to order it. *See*, *e.g*., *Arctic Cat Inc. v. Bombardier Recreational Prod., Inc.*, 198 F. Supp. 3d 1343, 1354 (S.D. Fla. 2016) (awarding enhanced damages even where not all factors favored enhancement), *aff'd*, 876 F.3d 1350 (Fed. Cir. 2017).

In this case, enhanced damages are warranted. Plaintiff has alleged that the Defaulting Defendants have willfully and deliberately infringed the claims of the '121 Patent. First Amended Complaint at ¶ 43. [Dkt. No. 22]. The Defaulting Defendants have exactly copied

9

Plaintiff's patented product. See Declaration of Kevin Keener at ¶ 9. The Defaulting

Defendants have intentionally concealed their identities and used aliases to name their

infringing webstores in an effort to hide their misconduct from Plaintiff. First Amended

Complaint at ¶¶ 6-7. [Dkt. No. 22]. The evidence here establishes that the Defaulting

Defendants have willfully, intentionally, and knowingly infringed the claims of the '121 Patent.

Therefore, Plaintiff requests that the Court award Plaintiff three times the amounts assessed for

each Defaulting Defendant. Plaintiff sets forth the requested of amount of enhanced damages

for each Defaulting Defendant not subject to the minimum royalty requested, See Exhibit 1 to

Declaration of Kevin Keener, and therefore requests that this Court grant Plaintiff enhanced

damages as set forth therein.

### V.      Plaintiff is Entitled to a Permanent Injunction

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent

injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's

rights in the '121 Patent, including at least all injunctive relief previously awarded by this Court

in the TRO and Preliminary Injunction. Plaintiff is also entitled to injunctive relief so it can

quickly take action against any new e-commerce stores that are identified, found to be linked to

Defaulting Defendants, and selling Infringing Products. *See, e.g., Tuf-Tite, Inc. v. Fed. Package

Networks, Inc.,* 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak

LLC,* 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*,

166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

### CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against

each of the Defaulting Defendants. Plaintiff requests an award of damages in the amount of the

greater of the fully restrained funds or a reasonable royalty. Plaintiff further requests a

permanent injunction against the Defaulting Defendants, prohibiting each from selling products that infringe Plaintiff's patent and transferring all assets in Defaulting Defendants' financial accounts to Plaintiff.

Dated:  September 25, 2023

Respectfully submitted,

By:     /s/ Kevin Keener

Kevin J. Keener
ARDC #6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 523-2164
kevin.keener@keenerlegal.com