IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SoClean, Inc. ) | Case No.: 23-cv-02701 |
| ) | |
| Plaintiff, ) | |
| v. ) | Judge: Hon. Martha M. Pacold |
| ) | |
| Does 1-292, As Identified in Exhibit 2, ) | |
| ) | Magistrate: Hon. M. David Weisman |
| Defendants. ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff SoClean, Inc. ("SoClean") submits this supplemental memorandum in support of its Motion for Entry of Default and Default Judgment under of its Motion for Entry of Default and Default Judgment under FED. R. CIV. P. 55 against the non-appearing Doe Defendants.

**I.      Entry of Default Against non-appearing Doe Defendants is Proper Pursuant to FRCP 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The primary concern with entry of judgment against one defendant while a claim persists against a co-defendant is the risk of inconsistent judgments between co-defendants. *See Frow v. De La Vega*, 82 U.S. 552 (1872).

"*Frow* stands for the proposition that when several defendants are sued jointly and one of them defaults, a default judgment should not be entered until the matter has been resolved for all defendants." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 950 (7th Cir. 2020) (citations omitted).

1

The Seventh Circuit, however, has held that the principle of Frow does not apply when defendants have been sued jointly and severally. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980).; *also Douglas v. Metro Rental Servs., Inc.*, 827 F.2d 252, 255 (7th Cir. 1987) (noting *In re Uranium Antitrust Litigation* limited *Frow* to cases where all the defendants were claimed to be jointly, not severally, liable). The Seventh Circuit has held that entry of judgment to some but not all defendants is permissible "[w]hen the facts and theories of the case do not require uniformity of liability as to different defendants." *Arwa*, *supra*, at 951. In these instances, the "court has discretion to decide whether to enter judgment against fewer than all the defendants under Rule 54(b)." *Id*.

In the present case SoClean has claimed that all Doe Defendants in this case have infringed U.S. Patent No. 10,953,121. SoClean claimed that "Defendants, without any authorization or license from Plaintiff, have **jointly and severally**, knowingly and willfully made, used, offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly Plaintiff's Patent." First Amended Complaint at ¶ 9. Because SoClean has asserted its claim of patent infringement against the Doe Defendants jointly and severally, the limitations and concerns of *Frow* do not apply to this case. SoClean has presented evidence that each of the Doe Defendants has directly infringed the '121 patent. Thus, the liability for patent infringement by any one Doe Defendant is not connected to the liability for patent infringement by any other Doe Defendant. Therefore, this is not a case of joint liability requiring a uniformity of judgment among all defendants. For this reason, an entry of default judgment against the non-appearing Doe Defendants is not precluded.

Additionally, none of the Defendants who have filed answers to the First Amended Complaint have

**CONCLUSION**

For the reasons set forth herein, and in Plaintiff's prior memorandum of law, Plaintiff respectfully requests that the Court enter default and default judgment against each of the Defaulting Defendants. Plaintiff requests an award of damages in the amount of thegreater of the fully restrained funds or a reasonable royalty. Plaintiff further requests a permanent injunction against the Defaulting Defendants, prohibiting each from selling productsthat infringe Plaintiff's patent and transferring all assets in Defaulting Defendants' financial accounts to Plaintiff.

Dated: October 12, 2023

Respectfully submitted,

By: /s/ Kevin Keener

Kevin J. Keener
ARDC #6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 523-2164
kevin.keener@keenerlegal.com